**FORD MOTOR COMPANY, Appellant,**

v.

**TED ARENDALE FORD SALES, INC. et al.,**
**Appellees.**

No. 17047.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 19, 1969.

Rehearing Denied Dec. 5, 1969.

John G. Street, Jr., Fort Worth, for appellant.

Brown, Day & Crowley, and George A. Crowley, Fort Worth, for appellee, Ted Arendale Ford Sales, Inc.

King & Massey, and Marion L. Massey, Fort Worth, for appellees, Bill Parks et ux.

OPINION

RENFRO, Justice.

This is an appeal by Ford Motor Company from an order of a Tarrant County District Court overruling its pleas of privilege to be sued in Dallas County.

Suit was brought by Bill and Johnnie Parks against Ted Arendale Ford Sales, Inc., for damages for personal injuries sustained by them as a result of alleged negligence on the part of defendant.

Ted Arendale Ford Sales, Inc. (hereinafter called Arendale) then filed a third party petition against Ford Motor Company.

By amended petition the Parks also made Ford Motor Company a defendant.

Ford Motor Company filed pleas of privilege to have the cause, as to it, transferred to Dallas County.

The Parks and Arendale controverted the pleas of privilege.

Ford's pleas of privilege were overruled.

On appeal Ford urges: (1) no evidence to prove any exception in Article 1995, Vernon's Ann.Tex.Civ.St., applicable; (2) court's finding was against the great weight and preponderance of the evidence; (3) appellees failed in their burden of proving that either subdivisions 4, 9a, 27 or 29a of the venue statute were applicable.

Plaintiffs pleaded: on March 15, 1967, they bought a 1967 Falcon station wagon from Arendale. Shortly after the purchase plaintiffs noticed a rattling noise underneath the car on the left side in the area of the muffler and tailpipe. On four occasions, prior to June 12, 1967, plaintiffs returned the Falcon to Arendale's service department to have the rattle corrected. At no time was the correction made although each time plaintiffs were assured that the complaint had been corrected. On June 12 the automobile was still under warranty, placing an additional duty upon Arendale to correct discrepancies of the vehicle.

On June 12 while backing the car on a highway, plaintiffs heard a "tinney" sound which was the tailpipe dropping down under the wheel, causing the car to pivot on the left rear wheel and the front of the car to whip around to the right. The steering wheel spun out of Johnnie Parks' hands and the car went out of control, across the roadway and into the ditch. Both plaintiffs sustained personal injuries.

Seven specific acts of negligence were alleged against Arendale.

Plaintiffs' pleading against Ford Motor Company, in brief, sought to hold Ford liable because of negligence, breach of warranty and under the doctrine of strict liability.

Arendale's pleading against Ford denied that the Falcon was defective in any way, but pleaded "if it be mistaken in this belief, then it would * * * show that the defects were defects of manufacture and that it is entitled by virtue of the breach of warranty, the doctrine of strict liability in tort, and the negligence of * * * Ford

* * * to full indemnity or * * * contribution."

By controverting plea Arendale relied upon exceptions 27 and 9a of Article 1995 to maintain venue of Ford in Tarrant County.

By controverting plea plaintiffs relied upon exceptions 4 and 29a as basis for maintaining venue of Ford in Tarrant County.

Plaintiff Mrs. Johnnie Parks testified: on March 15, 1967, plaintiffs purchased a new Falcon automobile from Ted Arendale Ford Sales in Arlington, Tarrant County, Texas. She and her husband were returning from a trip to Houston on June 12, 1967, on Highway 7 in Leon County when she saw some pine needles by the side of the road that she wanted. While backing up she heard something hit—sounded like metal—she lost control of the car, went into a bar ditch and into a corral fence. Ever since buying the car there had been a rattling and bumping underneath the car. The rattling and bumping got worse after they left Houston. At the time in question "when this noise happened the steering wheel just spun and I lost control of the car." After the mishap the tailpipe was in front of the left rear wheel, under the tire, tangled up in the wire. The tailpipe had asphalt on it such as was on the road surface.

The day after plaintiffs bought the car, she had taken it back to Arendale because of the rattle. In all she complained to Arendale about the rattle six or seven times prior to the wreck. The rattle on June 12 was the same rattle that had persisted all along. At the time of purchase they received a Ford Motor Company new vehicle warranty, warranting the car against defects in material and workmanship for a period of twenty-four months or for twenty-five thousand miles, whichever came first.

Mr. Brandon testified: he was service manager of Arendale in 1967. The Aren-

dale Ford Sales, Inc., of Tarrant County on March 15, 1967, sold a new Falcon manufactured by Ford Motor Company to plaintiffs. Plaintiffs brought the car back to the service department ten or twelve times. Twice or more witness rode in the car with Mrs. Parks in an effort to locate the rattle of which she complained. He could not remember the dates. After the accident he saw the car—part of the exhaust assembly had been sawed off behind the muffler.

The first sentence of subdivision 4 of Article 1995 provides: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

The defendant Ted Arendale Ford Sales, Inc., had its place of business in Tarrant County. The evidence which we have summarized, considered in the light most favorable to the judgment of the trial court and reasonable inferences to be drawn therefrom, supports the implied finding of the trial court that Arendale was guilty of one or more specific acts of negligence alleged against it. It is undisputed that a rattle existed at the time of sale, or manifested itself the day after the sale. Both the testimony of plaintiffs and of Arendale's service manager show that a defect of some kind existed. The court, sitting as the fact finder, could well find that Arendale was guilty of negligence in failing to find and repair such defect.

The pleadings and the evidence upheld the court's implied finding that plaintiffs had a joint cause of action against Arendale and Ford Motor Company.

Venue was properly maintained in Tarrant County under exception 4.

Tarrant County also had venue under subdivision 27 of Article 1995. Referring to, but not repeating, the evidence we hold it to be sufficient to uphold the implied finding that the Falcon was defective when purchased by plaintiffs and was not suitable for the purposes for which it was sold. Ford Motor Company v. Grimes, 408 S.W. 2d 313 (Tex.Civ.App., 1966, dism.); Ford Motor Company v. Lemieux Lumber Co., Inc., 418 S.W.2d 909 (Tex.Civ.App., 1967, no writ hist.).

The Supreme Court in Darryl et ux. v. Ford Motor Company, 440 S.W.2d 630 (1969), held: "This Court in the McKisson case [McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex.Sup.)] extended the strict liability doctrine to products other than foodstuffs. To exclude circumstantial evidence that the product was defective at the time of the sale would frustrate the beneficial purposes of the doctrine. It would be equally difficult, if not impossible, for the plaintiff to rebut by direct evidence all of the conceivable possibilities which would account for the defective condition other than the existence of the defect at the time of the sale. Such direct evidence should not be required, particularly when dealing with a latent defect."

The above language is applicable to the instant case.

Under the evidence and reasonable inferences which may be drawn therefrom, the court could find that a defect existed in the tailpipe and muffler assembly, or the manner in which it was attached to the frame of the automobile, and that such defect caused the accident. As stated in Darryl, supra, "There is no other explanation in this record for the cause of the accident."

Affirmed.