**Hans KAYEM et ux., Appellants,**

**v.**

**Doyle STUCKEY, Appellee.**

**No. 4269.**

Court of Civil Appeals of Texas.

Waco.

Oct. 8, 1964.

Rehearing Denied Oct. 29, 1964.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellants.

Abe Dunn, Joseph R. Pulaski, Houston, for appellee.

McDONALD, Chief Justice.

This case involves the meaning and enforcement of certain restrictions applicable to the Long Meadows residential subdivision in Harris County, Texas. Plaintiffs Kayem instituted this suit against defendant Stuckey (and others) to enjoin the alleged violation of restrictions applicable to the subdivision. Trial was before the Court without a jury, which, after hearing, entered judgment that plaintiffs take nothing and denied their request for injunction.

Plaintiffs appeal, contending that the Trial Court erred in holding the restrictions applicable to the subdivision did not prohibit the construction of more than one residence on each lot in said subdivision.

The applicable restriction is:

"(12) Only one single family residence and its usual accessories shall be constructed or permitted on each site or

separate parcel of land hereafter conveyed out of said subdivision."

The facts in the case are undisputed. The subdivision is platted into lots and such plat filed for record. Plaintiffs own lot 4 in Block 2. Defendants own lots 5, 7 and 8. Defendants built and sold a house on the east portion of lot 5 and retained ownership of the west portion of lot 5. Defendants built and sold a house on the northeast portion of lot 8 and retained ownership of the balance of lot 8. Defendants have commenced building a house on parts of lots 8 and 7.

### SCHEMATIC DIAGRAM

Defendants seek to divide the lots 5, 7 and 8 as platted into 4 lots and build houses on each; or in other words squeeze in an additional building site on the 3 platted lots. Defendants contend that the restrictions as written contemplated that each lot can be divided into smaller sites or parcels with a residence being allowed·on each parcel out of such lot; and that no intention is evidenced in the restrictions to restrict one residence to each lot, as shown on the plat.

We disagree with defendants' contentions. The restrictions recite that the Lacy Meadows addition had been subdivided as shown by the plat; that the addition was to be subjected to uniform building and usage restrictions; and that the restrictions were imposed for the benefit of every purchaser and were imposed upon each site or parcel of land in the subdivision. Paragraph 12 then recites that "only one single family residence shall be constructed or permitted on each site or separate parcel of land hereafter conveyed out of said subdivision."

Paragraph 16 provides for *consolidation* of adjoining tracts or fractions thereof into one homesite, but does not in any way allow more than one residence on any one lot. (The balance of the restrictions are inapplicable here.)

We must construe the restrictions in the light of the obvious intent of the plan for development of the subdivision. To us it is clear that only one single residence and its usual accessories would be permitted on each lot of the subdivision as shown by the plat. We think "each site or separate parcel of land" as stated in paragraph 12 of the restrictions, obviously means each lot of the subdivision. The only sites or tracts shown on the plat are the lots of the subdivision. Moreover, the restrictions themselves recite "said restrictions shall be, and are hereby imposed upon each tract or parcel of land in said subdivision." See: Alexander Schroeder Lbr. Co. v. Corona, (n. r. e.), Tex.Civ.App., 288 S.W.2d 829.

The Trial Court should have rendered judgment enforcing the restrictions. The judgment is accordingly reversed and remanded to the Trial Court with instructions to enter permanent injunction restraining defendants from building the house partially on lot 8 and partially on lot 7.

Reversed and remanded.