MANN, Judge.
Belle Terre is admittedly one of the more pleasant and gracious subdivisions in Dunedin. Since it was platted in 1924 a covenant running with the land has provided that “only one dwelling house (except for servants) shall be erected on any single lot or plot and each dwelling house shall be for one family only.” There is not the slightest suggestion that enforcement of this restriction has been rendered inequitable by supervening circumstance.
Corner lots, of which Lot 90 is one, are the larger lots of the 113 in the subdivision. Lot 90 has 110 feet frontage on one street and 100 on another. Richard A. Brosch and Mary M. Brosch, its owners, who were advised by letter dated September 11, 1967 that the Association would object to their plans to build two dwellings on Lot 90, recorded on that date deeds conveying the East 60 feet to Richard A. Brosch and the West 50 feet to Mary M. Brosch. Construction of a house on the easterly parcel was commenced soon thereafter and on October 6 Mary Brosch obtained a building permit *463 for a house on the westerly parcel. This action for judgment declaring the restrictions valid ensued.
The circuit judge, reasoning correctly that the restrictions do not forbid conveyance of parts of a lot, denied the relief sought, and appellants and association of owners and individual residents of Belle Terre appeal. But the fact that a part of a lot may be conveyed does not invalidate the restrictions. Two owners could divide a third lot between them, for example.
The circuit court’s reliance on Schoolcraft Civic Ass’n v. Diloreto, 339 Mich. 121, 62 N.W.2d 657; Ingle v. Stubbins, 240 N.C. 382, 82 S.E.2d 388; Callaham v. Arenson, 239 N.C. 619, 80 S.E.2d 619 (1954); and Watts v. Fritz, 29 Ill.2d 517, 194 N.E.2d 276, and Hickson v. Noroton Manor, Inc., 118 Conn. 180, 171 A. 31, as the “weight of authority” is misplaced. In Watts there was acquiescence and in all of the other cited cases there were stated restrictions on lot size smaller than the size of the platted lots, which justified the finding that resubdivision was contemplated. The instant case is governed by Moore v. Stevens, 90 Fla. 879, 106 So. 901, 43 A.L.R. 1127 (1925), and Ballinger v. Smith, 54 So.2d 433 (Fla.1951). Kayem v. Stuckey, 383 S.W.2d 227 (Tex.Civ.App.1964) and Brandon v. Price, 314 S.W.2d 521 (Ky.1958) are factually similar cases upholding the restrictions, and see, generally, Judge Pierce’s exhaustive opinion on the subject in Hagan v. Sabal Palms, Inc., 186 So.2d 302 (Fla.App.1966), cert. den. 192 So.2d 489 (Fla.1966).
If this transparent device is approved, there goes the neighborhood. Thousands of Floridians who have in good faith undertaken to comply with restrictions intended for the benefit of themselves and their neighbors could no longer have confidence that some purchaser could not chop his lot up into the smallest lots permitted by ordinance.
The restrictions restrict the Broschs just as they do other owners of lots in Belle Terre. They mean precisely what they say: There will be only one dwelling house on Lot 90, as that lot is shown on the plat, and whether it is to be His or Hers is a question not now before us.
Reversed and remanded for further proceedings not inconsistent with this opinion.
ALLEN, Acting C. J., and PIERCE, J., concur.