469 P.2d 478

**SKY MOUNTAIN RANCH SUBDIVISION PROPERTY OWNERS ASSOCIATION, an Arizona corporation, and Olin V. Mitchell and Grace Mitchell, husband and wife, Appellants,**

v.

**Winthrop WILLIAMS, Jr., and Nancy Emmert Williams, husband and wife, Appellees.**

**No. 1 CA–CIV 1069.**

Court of Appeals of Arizona,
Division 1,
Department B.

May 25, 1970.

Mangum, Wall & Stoops, by Douglas J. Wall, Flagstaff, for appellants.

Locklear & Wolfinger, by H. J. Wolfinger, Prescott, for appellees.

DONALD F. FROEB, Judge of the Superior Court.

This case requires the court to give judicial interpretation to restrictive covenants affecting real property known as Sky Mountain Ranch Subdivision located in Yavapai County, Arizona. The portions of the recorded Declaration of Restrictions which are applicable here are as follows:

"1. All Tracts 1 to 60, inclusive, excepting Tracts 52, 53 and 60, of SKY MOUNTAIN RANCH Subdivision, shall be known and described as residential Tracts and shall be used for no other purpose than for single family dwellings, for private garages and necessary and appurtenant outbuildings.

\* \* \* \* \* \*

5. No structure shall be erected, altered, placed or permitted other than one (1) detached single-family dwelling, and a private garage not to exceed one story in height for not more than three (3) cars, and a guest house or servant quarters for the sole use of actual non-paying guests, or actual servants of the occupants of the main dwelling.

\* \* \* \* \* \*

7. All buildings shall be located in conformance with the terrain, PROVIDED, HOWEVER, that no dwelling shall be located nearer than twenty (20) feet to the front property line nor nearer than ten (10) feet to any side street line, except with the written approval of the Architectural Committee. No dwelling, detached garage or other building shall be located nearer than five (5) feet to any side or rear 'tract' line, and no dwelling shall be erected or placed on any residential building plot, other than on an entire Tract as shown on said map. For the purpose of these conditions any parcel under one ownership, incorporating parts of two adjoining Tracts, or all of

one Tract and a part or parts of adjoining Tracts, shall be deemed to be a single Tract.

\* \* \* \* \* \*

These conditions are to run with the land and shall be binding upon land owners in said subdivision and enforceable by such owners. \* \* \*

\* \* \* \* \* \*

Said conditions, all and singular, are and shall be and are hereby made covenants running with the land and a breach or violation of any thereof or the continuance of any such breach or violation may be enjoined, abated or remedied or damages may be recovered on account thereof by appropriate proceedings by the Trustee, its successors or assigns, or by any such owner or such owner's successors in interest. \* \* \* ”

Appellants filed a complaint for injunction against appellees seeking to enjoin the further construction of a partially completed residential dwelling which appellants contend is in violation of the Declaration of Restrictions applicable to the property. Appellees denied the breach of restrictions and further alleged affirmatively that the appellants were not entitled to enforce the restrictions by reason of laches and estoppel. In addition, appellees filed a third-party complaint against Marvin G. Bauer and Laura B. Bauer, the predecessors in interest of the appellees. Following a hearing for the issuance of a temporary restraining order, the trial court entered judgment dated December 11, 1968, dismissing the complaint and third-party complaint. From the judgment the appellants have brought this appeal.

The facts underlying this lawsuit may be simply stated. On December 21, 1954, a plat of Sky Mountain Ranch Subdivision was filed and recorded in the office of the County Recorder of Yavapai County, Arizona. The subdivided parcels of land on the plat were referred to as TRACTS, a fact of considerable importance in the construction of the restrictive covenants presented in this appeal. Declaration of Re-

strictions was recorded on May 20, 1955. Tract 26 of Sky Mountain Ranch Subdivision was purchased by the third-party defendants Marvin G. Bauer and Laura B. Bauer on July 27, 1959. Thereafter, the Bauers divided Tract 26 into two parcels, selling one-half thereof to Earl C. Waggoner and Margaret H. Waggoner, his wife, on October 29, 1963, and thereafter the other one-half to Winthrop Williams and Nancy Emmert Williams, on May 3, 1965. Sometime later, during February 1967, the Williams began construction of a dwelling on their one-half of Tract 26 which was in progress until this lawsuit was filed April 29, 1968. During the construction period bulldozing, blasting, installation of cement footings and floor, together with erection of walls, ducts and plumbing took place. Since the filing of the action, construction upon the house has ceased. As for the Waggoner one-half of Tract 26, no construction of a dwelling or other improvement has yet commenced

The trial court determined, and we hold, correctly, that the appellees, in constructing a single-family dwelling on their one-half of Tract 26 of Sky Mountain Ranch Subdivision were not in violation of the restrictive covenants affecting the land. In so holding, the trial court did not reach the defense of laches and estoppel raised by the pleadings and accordingly we do not now treat them here. Since the issues in the trial court and here are determined by the legal effect of the restrictions applicable to Sky Mountain Subdivision, we proceed to analyze their meaning.

Appellants argue and we agree that the intent of the restrictions is clear. Their purpose is to allow a development of house properties where the total number of single-family dwellings does not exceed the total number of tracts set out in the subdivision plat for such purposes. It is the obvious intent of the restrictions to create a protected residential subdivision with the benefits of the restrictive character of the subdivision accruing to all present and future property owners within the subdivision.

Although we find the wording of the restrictions inept and inexplicit three aspects of them appear certain. First, nowhere in the restrictions is there a prohibition against dividing a single tract into two or more "lots" and conveying the "lots" to different owners. Second, the restrictions clearly show an intent that there be only one single-family residence per *tract*. Third, the restrictions do not require that the builder of a single-family dwelling own an entire tract before he may build a dwelling upon it so long as there is no other dwelling yet erected on the tract.

Appellants concede that the restrictions do not forbid the division of a tract, but argue that the language of Restriction No. 7 permits the division of a tract *only* so that two tracts can be *enlarged* by dividing a third tract between them. While we agree that the effect of Restriction No. 7 is to permit the enlargement of original tracts, nowhere do we find language barring division of a single tract into smaller parcels.

The decision in Belle Terre Association, Inc. v. Brosch, 216 So.2d 462 (Dist.Ct. of Appeal of Florida, 1968) cited by appellants does not compel a different conclusion. In that case, as here, a "lot" as originally platted, was divided into smaller parcels. The court held, as we do here, that there can only be one dwelling house on each "lot" (or "tract" as in this case) platted on the original subdivision. The court there also held, as we do here, that the restrictions do not forbid conveyance of parts of lots (or "tracts" as in this case). In effect, the restrictions both there and here are aimed at a limitation of the number of dwellings not at the number of separately owned parcels.

Appellants contend that the builder of a dwelling must own at least a full tract as originally platted. They refer to the language of Restriction No. 7 that "no dwelling shall be erected or placed on any residential building plat, other than on an *entire tract* as shown on said map" (emphasis added). We reject this argument and hold that this phraseology expresses only a concept of "one house per tract". If the word "entire" were taken in its most literal sense, the restriction would require a dwelling to occupy every square foot of a tract, a conclusion we do not reach.

Finally, we follow the rule of R & R Realty Co. v. Weinstein, 4 Ariz.App. 517, 422 P.2d 148 (1966) which holds:

"* * * the intent of the parties and the object of the deed or restriction should govern, giving the instrument a just and fair interpretation."

The interpretation given by us to the restrictions in issue gives effect to this rule. So long as there is only one dwelling erected upon Tract No. 26 of Sky Mountain Ranch Subdivision as originally platted, the restrictions have not been violated. We do not have before us nor do we rule upon the obvious legal questions which may arise with respect to the other half of Tract 26 conveyed by the Bauers to the Waggoners. Suffice it to say that the effect of this decision is to render the future construction of a dwelling upon that half of Tract 26 violative of the deed restrictions of Sky Mountain Ranch Subdivision.

EUBANK, P. J., and HAIRE, J., concur.

*Note:* Judge EINO M. JACOBSON having requested that he be relieved from consideration of this matter, Judge DONALD F. FROEB was called to sit in his stead and participate in the determination of this decision.