**E. Foster ATKINS, et ux., Appellants,**

**v.**

**Wm. E. FINE, Jr., et al., Appellees.**

**No. 12108.**

Court of Civil Appeals of Texas, Austin.

April 3, 1974.

Rehearing Denied April 24, 1974.

Donald P. Dorsey, Gray, Aaron & Dorsey, San Angelo, for appellants.

Philip R. Lane, Marschall, Hall & McLaughlin, San Angelo, for appellees.

PHILLIPS, Chief Justice.

The question before us is whether appellants in moving a mobile home onto certain restricted lots and then altering it violated the restrictions. Trial was to the court sitting without a jury on stipulated facts.

The trial court held that the restrictions were violated and issued a mandatory injunction ordering appellants to remove the structure. We affirm this judgment.

Appellants purchased their mobile home in March of 1970 and lived in this mobile home on South Jackson Street in San Angelo from the time of purchase until June of 1971. In May of 1972 appellants moved the mobile home onto the lots in question. The stipulations state that appellants " . . . had actual knowledge and constructive notice that the said restrictive covenants were imposed upon the lots in question prior to their purchase of said lots."

Within two weeks after the mobile home was moved onto the lots, appellants were delivered a letter wherein the restrictions running with the lots were called to their attention: " . . . in order to give you an opportunity to avoid the expenditure of funds which will not be of any permanent value to you." After warning appellants that they were breaching the hereinafter described restrictions, the appellants were requested " . . . to cease with any further work on the placing of the trailer house, and . . . to remove the trailer house from the lot." The letter went on to state that if the appellants failed to comply with this request, legal action would be taken against them.

Within two weeks after appellants moved the mobile home upon the lots, they were also presented with a petition signed by property owners in the subdivision demanding an immediate removal of the trailer house and threatening legal proceedings for damages and/or injunctions in the event of appellants' non-compliance.

In spite of the warnings given them, appellants refused to remove the mobile home and then proceeded to remove the wheels and bolt it to a concrete foundation. Following this, appellants added the following improvements thereto: new den with fireplace constructed and attached to the rear of the mobile home, a carport, sun porch,

entire structure enclosed under gabled roof with brick veneer and wooden walls, entire structure attached to steel beams in the gabled roof, front and back steps and other miscellaneous improvements were added.

The stipulations disclosed that some of the houses in the subdivision were constructed at the site while others were new conventional houses constructed at a builder's business location and then moved onto the property in the subdivision.

Appellants are before us on four points of error which, in substance, urge the error of the court in holding them in violation of the restrictions, and in holding as a matter of law that the allowance of the mobile home on the property was contrary to the intentions of the dedicators of the subdivision.

Appellants' basic position is that the language of the restrictions is broad enough to include the altered mobile home. One of the restrictions provides: "That no buildings of any character are to be moved onto said property herein conveyed except new ready-built homes." The court then held as a matter of law that appellants' mobile home was not a "ready-built home" within the meaning of the restriction when it was moved upon the restricted property; that only a "ready-built home," under the terms of the restrictions, could be moved onto the property within the meaning of the restriction; and that the meaning of the term "ready-built home," as used in the restriction, is a conventional home completely constructed by a builder at a temporary location for the purpose of selling it and moving it to the buyer's permanent location. The court further held that its definition of a "ready-built home" is the ordinary meaning of such terms in the building and home construction industry. The court then held, as a matter of law, that a mobile home is not a "ready-built home."

Appellants contend that the court's own definition of "ready-built home" would include a mobile home " . . . except may-

be [for the] word 'conventional.'" Appellants then cite Baker v. Henderson, 137 Tex. 266, 153 S.W.2d 465 (1941) for the proposition that restrictive clauses in instruments concerning real estate must be construed strictly, favoring the grantee and against the grantor, and all doubt should be resolved in favor of the free and unrestrictive use of the premises. Appellants contend that the opinion of the Court of Civil Appeals in Hussey v. Ray, 462 S.W. 2d 45 (Tex.Civ.App.1970, no writ) controls the case at bar. In *Hussey* the Court refused to hold that the restrictions before it had been violated by placing a mobile home on the property in question. Without going into the specific facts there, the rationale of the Court was that under the wording of the restrictions, it was *doubtful* that a mobile home was excluded. Consequently, the Court held all doubts should be resolved in favor of a free use of property and against restrictions. We have no quarrel with Hussey as the law is applied to the facts of that case.

■ We hold that the moving of the mobile home onto the property was in violation of the restrictions for the reason that it was not a "ready-built" home. A "ready-built" home is the only type of building that may be *moved* onto the property. Other types of buildings on the property must be constructed there. In this regard, see Foos v. Engle, 295 Ky. 114, 174 S.W.2d 5 (1943). In their stipulations, the parties agreed that a Mr. C. J. Poulter, a resident of San Angelo who along with his father and brother had been engaged in the constructing and selling of ready-built homes for over 20 years, would testify that ready-built homes constructed by them and their competitors in West Texas are simply conventional homes constructed at various business locations, then moved onto a buyer's property with standard housemoving equipment.

■ Words used in restrictive covenants are to be taken in their ordinary and popular sense. 26 C.J.S. Deeds § 163. A further aid to construction, if necessary, is expert testimony. It may be considered to establish the meaning of trade terms or terms that are used in a local sense, if the meaning is not otherwise plain. Harrison v. Frye, 148 Cal.App.2d 626, 307 P.2d 76 (1957). C. J. Poulter is an expert in the field of ready-built home construction, and he defines a ready-built home as being one of conventional construction. His testimony is uncontradicted. The rule of strict construction against parties enforcing a restrictive covenant relied on by appellants is secondary to the determination of the intent of the restrictions and takes precedence only where the parties have failed to express their meaning with sufficient clarity to enable the Court to determine the intent of the instrument. 26 C.J.S. Deeds § 163.

In view of our holding with regard to the restriction discussed above, we deem it unnecessary to discuss the remaining restrictions held breached by the trial court.

■ The appellees, owners, have a valuable right to be protected in this case. They have given appellants every warning possible to encourage them to abide by the restrictions. Appellants have disregarded these warnings; consequently, the right to injunction to prevent the violation of the restrictions is well settled. Green v. Gerner, 283 S.W. 615 (Tex.Civ.App.1926).

The judgment of the trial court is affirmed.