# L. C. WILSON et ux., Appellants,

v.

# George GOLMAN et al., Appellees.

## No. 5126.

Court of Civil Appeals of Texas, Eastland.

Feb. 23, 1978.

Don Hinds, Yarborough, Hinds, Shahan & Snyder, Dallas, Robert H. Fields, Fields, Fields & Hardee, Athens, for appellants.

Thomas C. Unis and John E. Phillips, Strasburger & Price, Dallas, for appellees.

WALTER, Justice.

L. C. Wilson and his wife, Ruth Hayn Wilson, filed an application for a permanent injunction and sought damages against George Golman, Don Golman, Julius H. Coleman, individually and d/b/a By-Lo Wine Beer and C G & G, Inc., a corporation, seeking to enjoin them from selling liquor, to-wit: beer, wine, ale and malt liquor on property conveyed to them subject to a covenant contained in a deed to a predecessor in title which provided:

". . . that the premises hereby conveyed shall not for a period of twenty-five (25) years from the date hereof be used for the operation of a liquor store thereon. . . ."

The court denied the injunction and the Wilsons have appealed.

No findings of fact or conclusions of law were requested by the appellants.

In *City of Abilene v. Meek*, 311 S.W.2d 654 (Tex.Civ.App.—Eastland 1958, writ ref'd), the court said:

"It is elementary that when the appellant contests the trial court's judgment without requesting findings of fact or conclusions of law, we must assume that the trial court's findings were all in support of its judgment; and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law."

Does the term "liquor store" contained in the restrictive covenant prohibit By-Lo Wine Beer from selling beer, wine, ale and malt liquor?

Appellees operate a business located on the premises in question. They sell beer, wine, ale and malt liquor. Their business is also referred to as a convenience store and they sell gasoline, snack foods and other non-food items. The total sale of beer and wine constitutes 48.93 percent and other

**656**

merchandise constitutes 51.07 percent of their total sales volume. Appellants contend by securing a permit from the Texas Alcoholic Beverage Commission and selling beer, wine, ale and malt liquor, appellees are violating the restrictive covenant in that they are using the property "for the operation of a liquor store thereon."

Joe Darnall, Assistant Administrator for the Texas Alcoholic Beverage Commission, testified substantially as follows:

A business with a permit to sell beer and wine which sells groceries, gasoline, beer and wine, but not distilled spirits is referred to as a convenience store as distinguished from a liquor store. A liquor store is one where distilled spirits are sold by the package for consumption off the premises. This is the commonly known and accepted definition of that term in Texas, both within the industry and the general public.

In *Baker v. Henderson*, 137 Tex. 266, 153 S.W.2d 465 (1941), the court said:

"Restrictive clauses in instruments concerning real estate must be construed strictly, favoring the grantee and against the grantor, and all doubt should be resolved in favor of the free and unrestrictive use of the premises."

In *Atkins v. Fine*, 508 S.W.2d 131 (Tex. Civ.App.—Austin 1974, no writ), the court said:

"Words used in restrictive covenants are to be taken in their ordinary and popular sense. 26 C.J.S. Deeds § 163. A further aid to construction, if necessary, is expert testimony. It may be considered to establish the meaning of trade terms or terms that are used in a local sense, if the meaning is not otherwise plain. . . ."

We hold the court properly concluded the sale of beer, wine, ale and malt liquor was not a violation of the restrictive covenant prohibiting the property from being used for the operation of a liquor store.

We have considered all of appellant's points and find no merit in them.

The judgment is affirmed.