**Dock L. CURB et al., Appellants,**

v.

**Carl F. BENSON et al., Appellees.**

**No. 12693.**

Court of Civil Appeals of Texas, Austin.

March 22, 1978.

Rehearing Denied April 26, 1978.

Lee Curtis, Curtis & Wade, Belton, for appellants.

Frank Roberts, Rick Morris, Piperi, Roberts & Morris, Killeen, for appellees.

SHANNON, Justice.

This appeal involves the construction of a restrictive covenant requiring, among other things, that ". . . all residences shall be built in place." The covenant appears in the 1968 dedication of a subdivision known as Lakeview Terrace, located in Bell County.

Appellants, Dock L. Curb and wife, Ruby Mae, and Cecil A. Massie and wife, Nina, own property in Lakeview Terrace, as do appellees, Carl F. Benson and wife, Faith. In the autumn of 1976, appellees Benson entered into a contract with appellee Jack Morris for the purchase of a "prefabricated" or "specially-built" house. By the terms of the contract, Morris agreed to move the house, in two sections, onto appellees' lot in the subdivision. After Morris had completed the job, appellants sued the

Bensons in the district court of Bell County seeking an injunction ordering appellees Benson to remove the house. After trial, the court entered a take-nothing judgment. In support of the judgment the district court concluded that the Benson house ". . . was built in place on said lot," and, as a result, was not in violation of the restrictive covenant.

Appellants claim that there was no evidence to support the district court's finding that the Benson house was "built in place." Accordingly, appellants urge, the court erred in concluding that the Benson house was not in violation of the restrictive covenant.

■ As in other written instruments, the end sought in the construction of restrictive covenants is the ascertainment of the intent of the parties as revealed by the language used in the covenant. *Couch v. Southern Methodist University,* 10 S.W.2d 973 (Tex.1928). Words and phrases used in a restrictive covenant will be accorded their ordinary and commonly accepted meaning. *Settegast v. Foley Bros. Dry Goods Co.,* 114 Tex. 452, 270 S.W. 1014 (1925). The rule that restrictive covenants are strictly construed, favoring the grantee and against the grantor and resolving all doubts in favor of the free and unfettered use of the premises, is applicable only when the intent of the parties is not ascertainable from the terms of the covenant. *Atkins v. Fine,* 508 S.W.2d 131 (Tex.Civ.App.1974, no writ). This Court, then, must examine the words, "built in place," in their ordinary and popular sense as of 1968, together with what those words necessarily imply. *Green Avenue Apartments v. Chambers,* 239 S.W.2d 675 (Tex.Civ.App.1951, no writ).

The parties disagreed on a description of the Benson house. Morris rejected the term, "prefabricated" house, and instead, he preferred the term, "specially-built" house. Morris described the building of his houses as beginning on an "assembly line" located at McGregor, Texas, and finally "winding up" on the purchaser's lot wherever its location. In that manner, the Benson house was constructed in McGregor, and moved in

two sections to the lot in the subdivision. The foundation was of the typical pier and beam type. Two parallel ends of the foundation were left open so that the trucks carrying the two sections of the house could maneuver over the foundation. Once the two sections were laid on the foundation, the sections then were "tied" together and the seam was covered with roofing and paneling. The plumbing and electric lines, previously installed in the sections of the house, were connected to outside lines after the sections of the house were tied together on the lot.

■ A house "built in place" is one constructed piece by piece on a permanent site. The evidence supports that view. The testimony was that in 1968 a house "built in place" was one built piece by piece on its permanent location. Certain parts of a house such as cabinets, windows, and doors, were, and are presently, prefabricated and brought to the construction site. Nevertheless, when "building in place" the major and the most important parts of the construction, such as the foundation, and most of the framing and roofing, are constructed on the job site. As a matter of law, moving two completed sections of a house to a previously completed foundation, securing the sections to a foundation, tieing the seams, and connecting the utility lines was not in 1968 housing "built in place."

■ In their prayer for relief in the district court, appellants prayed that appellee Morris be enjoined ". . . from encouraging the violation of said restrictive covenants by owners of lots in said subdivision . . . ." Appellants' brief has no point of error complaining of the failure of the district court to enjoin Morris. Nevertheless, in the body of the brief there is argument that the court erred by failing to so enjoin Morris. The argument is without merit since there was no evidence that Morris was selling his prefabricated houses to other lot owners in the subdivision.

The judgment is reversed, and the cause is remanded to the district court with instructions that the district court enter an

order requiring the removal of the Benson house from Lakeview Terrace.