**WLR, INC., et al., Appellants,**

v.

**Joel A. BORDERS, Appellee.**

**No. 10–84–163–CV.**

Court of Appeals of Texas, Waco.

April 18, 1985.

Rehearing Denied May 23, 1985.

Ron B. Johnson, Waxahachie, Beverly Willis, Naman, Howell, Smith & Lee, Waco, for appellants.

Warwick H. Jenkins, Ronald E. Bunch, Jenkins & Jenkins, P.C., Waxahachie, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellants WLR, Inc. and William L. Ray from the trial court's injunctive order that appellants refrain from selling or offering for sale specified grocery items at appellants' place of business, Quick Stop, located in Waxahachie, Texas.

The record reflects that Milton Peel owned two tracts of land on East Main Street in Waxahachie, Texas. In October, 1980, Peel sold to Joel Borders a business, Jones Market, located on one of the tracts. The bill of sale from Peel to Borders contained a covenant providing that Peel would not operate a grocery business in Ellis County for two years from the date of the instrument and that Peel would not sell the vacant lot on East Main across from Jones Market for the purpose of operating another grocery store for as long as Joel Borders owned and operated Jones Market. Peel leased the tract across the street from Jones Market to appellant William L. Ray for one year with an option to purchase. The record reflects appellant Ray's testimony that his lease stated he could not operate a "convenience store".

While still in possession of the property under the lease, appellant Ray began construction on the property of Quick Stop, the business in question in this case. In June of 1982, Mr. Borders' attorney sent appellant Ray a letter, a copy of the bill of sale from Peel to Borders attached, advising Ray of the restrictive covenant prohibiting operation of a grocery store on that tract. The construction continued, and on August 27, 1982, an attorney for appellee Borders sent appellant Ray a certified letter stating the building under construction appeared to be a convenience store and that since the

operation of such a business involved the marketing of groceries, it would directly violate the restrictive covenant contained in the bill of sale transferring Jones Market from Peel to Borders. The letter further stated that if the operation in fact involved the operation of a grocery store, Mr. Borders would seek to enforce the restrictive covenant. In December, 1982, construction was completed and Quick Stop began operating. On March 25, 1983, Peel conveyed to WLR, Inc., a Texas corporation, c/o William L. Ray, the property in question. The deed contained the following provision:

> It is understood and agreed that the hereinabove described property shall not be used for the purpose of operating a grocery store, either wholesale or retail, as long as Joel A. Borders owns and operates the Jones Market at 400 E. Main, Waxahachie, Ellis County, Texas, and in case of violation of the covenant, grantee, its successors and assigns will pay to grantors all damages, costs and reasonable attorneys' fees incurred by grantors, their heir, legal representative or assigns in any litigation involving this covenant.

On April 10, 1984, WLR, Inc. brought a declaratory judgment action to construe the restrictions, asserting the operation of a convenience store does not constitute the operation of a grocery store and seeking a declaration that the term "grocery store" is vague and ambiguous, thus rendering the covenant unenforceable. Appellee Borders filed a counterclaim against WLR, Inc. and a cross-claim against appellant Ray seeking a permanent injunction and attorney's fees. Appellee Borders alleged that the restriction contained in the deed from Peel to WLR, Inc. specifically restricts such use of the property, that such use is a substantial breach of the deed restriction, that Ray refuses to cease the violation and that because of Quick Stop's close proximity to Jones Market it is in direct competition with Borders' business.

Following a trial to the court, the trial court rendered judgment enjoining WLR,

Inc. and William Ray from selling at Quick Stop numerous grocery items specifically designated in the judgment. The trial court filed findings and conclusions summarized as follows:

### FINDINGS OF FACT

1) The restriction prohibiting operation of a grocery store on the property in question was imposed on WLR, Inc., c/o William L. Ray by virtue of warranty deed from Milton Peel to WLR, Inc., c/o William L. Ray executed on March 25, 1983, and recorded in the Ellis County Deed Records.

2) Counter-plaintiff Borders is and has been the owner and operator of Jones Market at 400 East Main in Waxahachie, Texas, since before the restriction was imposed.

3) Counter-plaintiff Borders is and has been engaged in the selling of groceries at the location stated in finding No. 2.

4) WLR, Inc., and William L. Ray, Individually have been and are the owners and operators of Quick Stop located at 407 East Main in Waxahachie, Texas.

5) WLR, Inc. has not maintained a continuous corporate existence because its charter was forfeited. William Ray has operated the business in an individual capacity for some of the relevant time periods.

6) WLR, Inc., and William L. Ray had actual notice of the restriction by virtue of their warranty deed to the property. WLR, Inc. and Ray also received notice of the restriction and violation thereof and Borders' intention to file suit to enforce the restriction by certified letter dated January 10, 1984.

7) WLR, Inc., and William L. Ray, Individually have and are continuing, as of the date of the rendering of the judgment herein, to sell and offer for sale the groceries listed at the store located at Lot 60, Town Addition, Waxahachie, Ellis County, Texas.

[Groceries listed include fresh, frozen and canned vegetable, fruit and meat items.]

8) All items listed in finding No. 7 are groceries and the sale and offering for sale of those items constitutes the operation of a grocery store. Therefore, WLR, Inc., and William L. Ray have committed and are presently committing, as of the date of rendering judgment herein, a material and substantial breach of the restrictive covenant imposed on them.

### CONCLUSIONS OF LAW

1) The restriction, as recited in finding No. 1 is reasonable in time, area and substance.

2) The restriction is sufficiently specific.

3) The restriction was imposed for the exclusive benefit of Joel A. Borders and he has standing to bring suit for the enforcement of the restriction.

4) Joel Borders is entitled to an injunction because he has an inadequate remedy at law and is suffering irreparable damage.

WLR, Inc. and William L. Ray appeal on 11 points. Appellee Borders by cross point asserts the trial court erred in failing to render judgment in favor of Borders for reasonable attorney's fees mandated by Section 5.006 of the Property Code.

Appellants' points 1, 2 and 3 assert there is no evidence or insufficient evidence to support the trial court's finding of fact No. 7 that appellants have and are continuing to offer for sale all of the items listed.

In reviewing a "no evidence" point challenging the legal sufficiency of the trial court's findings of fact, only the evidence favorable to the verdict is considered in determining whether any evidence exists to support the finding. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Reviewing a "factual insufficiency" point involves a consideration of all the evidence in the case to determine whether the finding is so against the great weight and prepon-

derance of the evidence as to be manifestly unjust. *In re King's Estate,* supra.

The record reflects a list of "family consumables" sold by appellants and submitted in response to the court's pretrial directive including but not limited to soups, vegetable and fruit juices, sugar, flour, pet foods, dressings, milk, cookies and various snacks, coffee, tea, canned vegetables and meats, bread, spices and baby food. Appellee Borders also submitted a lengthy list in answer to the court's order. The record further reflects testimony of Mr. Verner Barnes, manager of a grocery distribution business, in which he stated after a review of recent invoices reflecting products sold to Quick Stop that 10% to 15% of purchases have consisted of flour, sugar, canned goods, and "that type of thing." Appellant Ray testified to carrying some of the same foodstuffs as appellee Borders stocks, including soups, cookies, dressings and canned meats. Another witness testified to purchasing a sample of items offered for sale at Quick Stop, including specific brands of paper towels, scouring pads, soup, potato chips and corn chips, coffee creamer, bleach, detergent and ice cream. It is clear from the record appellants were offering for sale most of the general categories of grocery items listed in finding No. 7. In any event, we fail to see how appellants have been harmed as the injunction issued reflects a balancing by the court of the equities, well within the court's discretion.

We hold the evidence factually and legally sufficient to support the trial court's finding No. 7.

Points 1, 2 and 3 are overruled.

Points 4, 5 and 6 assert the factual and legal insufficiency of the evidence to support the trial court's finding No. 8 that by reason of the sale of the items listed, appellants are operating a grocery store.

"Groceries" are "commodities sold by grocers" and "grocer" is defined as a "storekeeper who sells food and various household supplies." Webster's New 20th Century Dictionary (2nd ed. 1971). The end sought in construing a restrictive covenant is to ascertain the intent of the parties as revealed by the language used in the covenant. *Catalina Square Improvement Committee v. Metz,* CA (Houston-14th) NRE, 630 S.W.2d 324, 327. Words used in restrictive covenants are to be taken in their ordinary and popular sense. *Wilson v. Golman,* CCA (Eastland) NWH, 563 S.W.2d 655, 656. In construing the restriction, effect must be given to that which is expressly set out together with that which is necessarily implied. *Catalina Square Improvement Committee,* supra; *H.E. Butt Grocery Company v. Justice,* CCA (Waco) NRE, 484 S.W.2d 628, 630; *Fischer v. Reissig,* CCA (Austin) Er.Ref., 143 S.W.2d 130. Restrictive covenants are strictly construed only when the intent of the parties is not ascertainable from the language of the covenant. *Curb v. Benson,* CCA (Austin) NRE, 564 S.W.2d 432, 433. An unambiguous restriction will be enforced as written. *Walker v. Dorris,* CCA (Fort Worth) NRE, 206 S.W.2d 620, 622. A just and fair interpretation will be afforded, bearing in mind the purpose of the restriction and object of the grant. *Kayem v. Stuckey,* CCA (Waco) NRE, 383 S.W.2d 227, 228.

The record reflects that although appellant Ray characterizes Quick Stop as a convenience store, he owns another substantially similar business in Waxahachie called One Stop Grocery # 4, the primary difference being size. Appellant Ray testified that One Stop Grocery # 4 occupies approximately 1,200 square feet and Quick Stop covers approximately 900 square feet. Appellants' own expert witness testified that "... grocery stores range in size—from the smaller size store up to about 1500 square feet...." The same witness went on to state that the distinction between convenience stores and grocery stores "is an educational textbook academic distinction."

We think the language of the covenant sufficiently clear, and a reasonable logical interpretation of the restriction necessarily implies a prohibition against the sale of

groceries. The record reflects sufficient probative evidence to support the court's finding and the finding is not so against the great weight and preponderance of the evidence as to be manifestly unjust.

Points 4, 5 and 6 are overruled.

■ Point 7 asserts the trial court erred as a matter of law in concluding that appellants are committing a material and substantial breach of the restrictive covenant.

Appellants assert that because the average sale of grocery items at Quick Stop amounts to between $.85 and $1.00, $16 to $24 per day, they are not committing a material or substantial breach of the restrictive covenant. However, appellee Borders has not sued for money damages but seeks to enjoin appellants from violating the essence of the covenant which clearly embodies the intent of the parties. Having found upon legally and factually sufficient evidence that appellants have and are continuing to offer for sale specific grocery items and that such activity amounts to the operation of a grocery store for purposes of the restrictive covenant, the trial court reasonably concluded appellants' activity constitutes a substantial breach of the covenant. The record reflects sufficient probative evidence to indicate that the sale of grocery items on the tract in question is precisely the type of conduct sought to be prohibited by the covenant.

Point 7 is overruled.

■ Point 8 asserts the trial court erred as a matter of law in holding and concluding that the restriction is sufficiently specific. As previously stated, words used in a restrictive covenant are to be given their ordinary and commonly accepted meaning. *Wilson v. Golman,* supra. Ambiguity exists if the provision is susceptible to two or more meanings so that the intention of the parties cannot be determined. *Catalina Square Improvement Committee v. Metz,* supra; *Memorial Hollow Architectural Control Committee v. Mapes,* CA (Houston-14th) NWH, 610 S.W.2d 230, 232.

■ The restrictive covenant was included in appellants' lease and later in appellants' deed to prevent the rise of a competing business on land owned and sold by Milton Peel in order to protect appellee Borders. Although covenants restricting the free use of property are not favored, when restrictions are confined to a lawful purpose and are within reasonable bounds and the language employed is clear, such covenants will be enforced. *Davis v. Huey,* S.Ct., 620 S.W.2d 561, 565.

We think the intent of the parties could be inferred from the terms of the covenant with reasonable certainty and the restriction is sufficiently clear and specific to be enforced.

Point 8 is overruled.

Points 9, 10 and 11 assert there is no evidence or insufficient evidence to support the trial court's finding that appellee Borders is suffering an irreparable injury and that the trial court erred as a matter of law in concluding that appellee is entitled to an injunction based on an inadequate remedy at law and irreparable injury.

■ As stated, the trial court found upon legally and factually sufficient evidence that appellants' operation of Quick Stop was a material and substantial violation of the restrictive covenant contained in the deed from Peel to appellants. When a substantial and material breach is shown it is not necessary to demonstrate substantial injury or the extent of actual monetary damages in order to enforce the restriction by injunction. *Knopf v. Standard Fixtures Co., Inc.,* CCA (Dallas) NWH, 581 S.W.2d 504, 506; *Protestant Episcopal Church Council of the Diocese of Texas v. McKinney,* CCA (Eastland) ref'd, 339 S.W.2d 400, 403.

Points 9, 10 and 11 are overruled.

■ Appellee Borders asserts by cross point that the trial court erred in failing to render judgment in favor of appellee for reasonable attorney's fees as is mandatory under V.T.C.A. Property Code, Section 5.006.

There is no showing in the record that appellee, following entry of judgment,

brought such omission to the attention of the trial court as by a motion to amend or correct the judgment or by a motion for new trial. Rule 373, TRCP; *PGP Gas Products, Inc. v. Fariss*, S.Ct., 620 S.W.2d 559, 560. Nor did appellee request any additional findings or conclusions concerning attorney's fees. Rule 299, TRCP.

Error, if any, has been waived and appellee's cross point is overruled.

AFFIRMED.