**FORD MOTOR COMPANY et al., Appellants,**

**v.**

**LEMIEUX LUMBER COMPANY, Inc.,**
**Appellee.**

**No. 6912.**

Court of Civil Appeals of Texas.

Beaumont.

Sept. 7, 1967.

Baker, Botts, Shepherd & Coates, Houston, for appellants.

J. C. Zbranek, Liberty, for appellee.

STEPHENSON, Justice.

This is an appeal from an order overruling the plea of privilege of the defendant, Ford Motor Company. This is an action for breach of both an implied warranty in law and an express warranty in writing, that a Ford truck was suitable for the purpose for which it was sold. The parties will be referred to here as they were in the trial court.

Plaintiff alleged that defendant, N. A. Walker, was an individual engaged in the sale of Ford automobiles and trucks in Liberty County, Texas, and resided in Liberty County, Texas. Plaintiff also alleged that defendant, Ford Motor Company, was a foreign corporation doing business in the State of Texas, with an agent for service in Harris County, Texas.

Defendant, Ford Motor Company, filed its plea of privilege asking that the case be transferred to Harris County, Texas. Plaintiff filed its controverting affidavit, relying upon subdivisions 4, 23, 27 and 29a of Article 1995, Vernon's Ann.Civ.St., to maintain venue in Liberty County, Texas. Hearing was bebefore the court and judgment rendered overruling such plea of privilege. In its brief, plaintiff contends only that venue was sustainable under sections 4 and 27, and we conclude the trial court's ruling is correct on both of these grounds.

Section 4 provides in part that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. N. A. Walker is one of the defendants, and the undisputed evidence shows that he was a resident of Liberty County, where this suit was brought. The evidence also shows: That plaintiff bought a new Ford pick-up truck with four wheel drive from defendant Walker in Cleveland, Texas. That defendant Walker was the authorized dealer for defendant, Ford Motor Company, at the time of such purchase, and obtained such product from defendant, Ford Motor Company. That plaintiff had a contract to cut fifteen million feet of timber from International Paper Company land located in the Devers big thicket or swamps. That defendant, Walker, knew the purpose for which plaintiff was buying the truck in question, and that it was intended to be used to operate in muddy, rough, wet terrain to haul fuel and so forth to the plaintiff's equipment in the woods. That the needs for

this truck were discussed by defendant Walker with Jesse H. Williams, president of plaintiff corporation, who negotiated for and concluded the purchase of this truck. That defendant, Ford Motor Company, furnished defendant, Walker, brochures, depicting in pictures and words the products offered for sale, which were distributed by defendant, Walker. That Williams read one of these brochures before buying the truck, which showed pictures of them crossing streams and ditches, and climbing mountains. That plaintiff relied upon such brochure in making this purchase. This particular truck was a four-wheel drive pick-up and was needed to perform services an ordinary pick-up truck would not. That the truck in question immediately began to have trouble in that the rear end would strip out and the universal joint would burst, even though all of the requirements for proper use and maintenance were complied with. That the truck was carried back to defendant Walker each of the three or four times it occurred and attempts were made to repair and correct the problems, but no solution was found. That plaintiff suffered damages. The evidence supported an implied finding by the court that this truck was not suitable for the purpose for which it was sold.

 Defendant, Ford Motor Company, contends that no cause of action was proved against it because there was no privity between it and plaintiff as it was not a party to the sales transaction between plaintiff and defendant Walker. The Supreme Court of Texas, in United States Pipe & Foundry Co. v. City of Waco, 130 Tex. 126, 108 S.W.2d 432, permitted recovery directly against the manufacturer who made representations as to what the product would do, even though there was no privity between such parties. We think it is clear in Texas today that privity is no longer required in an action based upon a breach of an express or implied warranty that a product is suitable for the purpose for which it is sold. Mc-

Kisson v. Sales Affiliates, Inc., Tex., 416 S.W.2d 787.

Defendant also contends that a brochure cannot be construed to be an express warranty, citing Welch Veterinary Supply Co. v. Martin, Tex.Civ.App., 313 S.W.2d 111. We do not agree with defendant that such case makes such a holding. We have concluded that a manufacturer should be held responsible for the advertising done by it regardless of the medium, whether it be by television, radio, billboard or brochures and other literature. We further conclude that such manufacturer should be held responsible for economics or commercial losses where the product is not suitable for the use for which it is advertised. The Supreme Court of Tennessee in Ford Motor Company v. Lonon, 398 S.W.2d 240, makes an exhaustive discussion of these points.

Affirmed.