Raul AGUILAR, Petitioner,

v.

AUTOHAUS, INC., Respondent.

No. D–0271.

Supreme Court of Texas.

Jan. 9, 1991.

Lawrence L. Mealer, Dallas, for petitioner.

Randall E. Hand, Timothy P. Woods, Mark C. Clements, Dallas, for respondent.

PER CURIAM.

This is a deceptive trade practices case. Raul Aguilar (Aguilar) went to Autohaus Inc. (Autohaus) to purchase or lease a Mer-cedes–Benz. Prior to entering into a lease agreement, one of Autohaus' salesmen allegedly represented to Aguilar that "Mercedes–Benz was the best engineered car in the world, and [Aguilar] would probably not find that [he] would ever encounter any mechanical difficulties. [They] joked about the fact that [Aguilar's] only time loss would be when [he] would bring the car into the agency for an oil and filter change every 7,500 miles." After Aguilar described the problems that he had with his previous cars, the salesman allegedly represented that the Mercedes would be a far superior product. After leasing the car, Aguilar encountered numerous problems. His primary complaint was that the engine hesitated when he attempted to accelerate. Other problems included unstable steering, the doors not opening and closing properly, the radio and air conditioner malfunctioning on numerous occasions, the odometer ceasing to function and transmission difficulties. Aguilar returned the car to Autohaus for service numerous times over a three year period. Throughout this time, he continually complained about the car's hesitation problem. While most of the problems were resolved at some point, the hesitation problem was never repaired to his satisfaction. In his pleadings, Aguilar alleged that Autohaus violated several sections of the Deceptive Trade Practices–Consumer Protection Act[1] based upon the salesman's statements. After a trial before the court, judgment was rendered in favor of Aguilar.[2] The court of appeals held that there was no evidence to support the trial court's findings because the salesman's statement was too general to be an actionable misrepresentation. 794 S.W.2d 459.

In reaching its decision, though, the court of appeals decided that "if the statements alleged to be misrepresentations are, in fact, only puffing or opinion, they cannot

1. Tex.Bus. & Com.Code Ann. § 17.46(b)(5), (7) (Vernon 1987).

2. In its findings of fact, the trial court found that the Autohaus salesman represented that the Mercedes–Benz that Aguilar eventually leased had characteristics, ingredients, uses and bene-fits which it did not ultimately have and was of a particular standard, quality or grade when it was of another. The trial court concluded that Autohaus violated the Deceptive Trade Practices Act as a result of the salesman's misrepresentations.

be actionable representations under the DTPA." 794 S.W.2d at 462. In denying the application for writ of error, we are not to be construed as approving or disapproving the analysis of the court of appeals regarding this issue. Aguilar's application for writ of error is denied.