In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-01-00856-CV
____________

GRANT HANSON, Appellant

V.

DUNDAS SYSTEMS, INC., Appellee




On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2000-02157




O P I N I O N
           Appellant, Grant Hanson, appeals the summary judgment rendered by the trial court
in favor of appellee, Dundas Systems, Inc. (Dundas). We affirm.
BACKGROUND
           Dundas is a Florida corporation that sells vending machines and offers some support
services to assist the buyers in placing the machines in buildings, stores, and other locations. 
Hanson received a solicitation letter from the president of Dundas, inviting Hanson to attend
a show at which the machines would be demonstrated. Representations in the letter included
the following: 
           •         I’m sure you’ve noticed the big pile of money at the top of this page. . . . The
simple truth is, I wanted to get your attention.
 
           •         I have discovered a way to make a ton of money, and actually have the time to
enjoy it! 
 
           •         [The machines] attract people (and cash) like iron-filings to a magnet!
 
           •         [Y]ou can join DUNDAS owners all over America who have found the key to
their happiness. 
 
           •         Learn, as hundreds of other have, how to make money faster than you can
count it!! 

           On March 2, 1999, Hanson signed a purchase agreement in which Dundas was to
provide eleven snack machines, five drink machines, and seven change machines for the total
purchase price of $29,755. Dundas also agreed “to perform only the following acts or
services” for Hanson: (a) provide a start-up kit containing a machine operating manual and
other information, (b) provide brochures for mailing to prospective locations for the
machines, (c) provide a toll-free telephone line for guidance and location support, and, if
requested, (d) assist in the selection of suppliers, (e) assist in the selection of refreshments,
(f) assist or advise in the sale of the established vending business after at least 12 months in
business, and (g) offer options to purchase additional machines in the future. 
           Under “Purchaser’s Representations,” the agreement provided, “Purchaser hereby
represents as follows:”
He/she is not relying on any representation or statements made by Seller
or Seller’s representative which are not included in this Agreement or in
disclosure and information documentation which have been received,
including, but not limited to, any representations or statements whatsoever
concerning profitability of business venture, or the existence of any “buy
back,” “protection,” or “security” arrangement concerning the equipment and
services being purchased herein. 

Hanson signed directly below this representation. The agreement also stated, under “Entire
Agreement,” “This Agreement contains all the agreements, understandings, representations,
conditions, warranties and covenants made between the parties hereto.” 
           In January 2000, Hanson sued Dundas, alleging that Dundas had represented that the
direct-mail solicitations would yield a response rate of 3% and the placement rate for vending
machines from those responses would be 80% to 85%, but that Hanson’s response rate (13
responses from 978 mailers) was only 1.33% and his placement rate (5 placements) was
38.46%. Hanson asserted causes of action for fraudulent misrepresentation and violation of
the Deceptive Trade Practices–Consumer Protection Act (DTPA).


 
           Dundas answered and filed a motion for summary judgment in which it asserted that
(1) Hanson’s fraud and DTPA claims were foreclosed, as a matter of law, by the language
of the purchase agreement and (2) there was no evidence of fraud or violations of the DTPA. 
Dundas attached, as summary judgment evidence, a copy of the purchase agreement. 
Hanson’s response to the motion recited, briefly, the standard for granting a rule 166a(c)
motion for summary judgment


 and stated the posture of the case and the claims made. 
Hanson attached to the response an affidavit verifying that all documents attached were true
and correct copies of the original documents. Hanson also attached an affidavit asserting the
following:
On or about February 1999, Defendant sent me several documents, one
of which is attached herein, promising me how much money I would make by
joining their vending machine business. Defendant also conducted a seminar
here in Houston, Texas, where Defendant further promised that its program
was so successful that I would have more customers asking for vending
machines than I could purchase. Defendant also promised, according to
paragraph 13 of the Purchase Agreement, that if I find that Defendant’s
statements and/or promises are not true that I can back out of the agreement
and get my money back. I relied on Defendant’s promises and/or statements
in signing the purchase agreement. After I signed the agreement and
purchased the vending machines, Defendant was not able to place all the
vending machines, Defendant was not able to find suitable office locations as
promised, Defendant was not able to provide the support service promised, and
the placed vending machines were not making the returns promised by
Defendant. Upon further conversation with Defendant’s office, I discovered
that I was not the first person that has been deceived by the Defendant. I relied
on Defendant’s promises in entering into the agreement, and if I had known
the truth, I would not have entered into such an agreement. I have notified
Defendant through my lawyer in regards to Defendant picking up their
machines and refunding my money, but Defendant has refused. 

In addition, Hanson attached a copy of the purchase agreement and a copy of the solicitation
letter from Gary Verdier, president of Dundas. 
           The trial court granted Dundas’s motion for summary judgment without specifying
the grounds upon which the motion was granted. Hanson appeals the summary judgment,
asserting, in five issues, that the trial court erred in granting Dundas’s motion. We consider
only issues four and five, in which Hanson challenges the no-evidence basis for granting the
summary judgment and contends that his summary judgment evidence raised genuine issues
of material fact regarding his DTPA and fraud claims.
DISCUSSION
Standard of Review
           Under rule 166a(i), a party is entitled to summary judgment if, after adequate time
for discovery, there is no evidence of one or more essential elements of a claim or defense
on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). 
Thus, a no-evidence summary judgment is similar to a directed verdict. Flameout Design &
Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). The motion for summary judgment may not be general, but must state
the elements on which there is no evidence. Tex. R. Civ. P. 166a(i). The trial court must
grant the motion unless the nonmovant produces more than a scintilla of evidence raising a
genuine issue of material fact on each of the challenged elements. See Tex. R. Civ. P.
166a(i); Macias v. Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.]
1999, no pet.). The party with the burden of proof at trial has the same burden of proof in
the summary judgment proceeding. Galveston Newspapers, Inc. v. Norris, 981 S.W.2d 797,
799 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). In reviewing a summary judgment,
we must indulge every reasonable inference in favor of the nonmovant and resolve any
doubts in its favor. Flameout Design, 994 S.W.2d at 834. We will affirm the summary
judgment if any of the theories advanced in the motion for summary judgment and preserved
on appeal is meritorious. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex.
1993). 
Hanson’s DTPA Claims
           In his fourth issue, Hanson contends that “the trial court erred in granting appellee’s
no-evidence motion for summary judgment on appellant’s DTPA claims when appellant’s
affidavits and documentary evidence raised genuine issues of material facts.” 
           The elements of a DTPA claim are (1) the plaintiff is a consumer, (2) the defendant
engaged in a false, misleading, or deceptive act, and (3) the act constituted a producing cause
of the plaintiff’s damages. Doe v. Boys Clubs of Greater Dallas, 907 S.W.2d 472, 478 (Tex.
1995). In its motion for summary judgment, Dundas asserted that there was no evidence of
any false, misleading, or deceptive act and there was no evidence of producing cause or
damages.


 These assertions shifted the burden to Hanson to produce some evidence of the
challenged elements. 
           In his response, Hanson did not address Dundas’s no-evidence motion. On appeal,
Hanson asserts that he is a consumer under the DTPA and then argues, “Appellant’s affidavit
and documentary evidence clearly shows the several deceptive trade practices of appellee that
was [sic] the producing cause of appellee’s damages. Appellant more than produced
evidence of probative force on the challenged elements of appellant’s DTPA. Accordingly,
the trial court’s summary judgment was in error.” Hanson references, generally, pages in the
clerk’s record that include his affidavit, his attorney’s affidavit in support of attorney’s fees,
the purchase agreement, and the solicitation letter from Dundas. 
           We have reviewed the documents referenced by Hanson and conclude that they do not
support Hanson’s DTPA claim. Hanson’s petition complained that Dundas represented that
Hanson would realize a 3% response rate from his mailings and an 80% to 85% placement
rate from his responses. Hanson’s summary judgment evidence does not contain any
evidence of such representations. Rather, the representations, as recited in Hanson’s
affidavit, are vague, amount to no more than puffing by Dundas, and are too general to be
actionable misrepresentations. See Autohaus, Inc. v. Aguilar, 794 S.W.2d 459, 462 (Tex.
App.—Dallas 1990), writ denied, 800 S.W.2d 853 (Tex. 1991). Likewise, the statements
made in the solicitation letter are vague and general and are merely puffing. See id. Viewing
all the evidence in the light most favorable to Hanson, we hold that there is no evidence to
show that Dundas made any material misrepresentation to Hanson. 
           We overrule Hanson’s fourth issue.
Hanson’s Fraud Claims
           In his fifth issue, Hanson contends that “the trial court erred in granting appellee’s no-evidence motion for summary judgment on appellant’s fraud and misrepresentation claims
when appellant’s affidavits and documentary evidence raised genuine issues of material
facts.” 
           The elements of fraud are (1) a defendant made a material misrepresentation, (2) the
defendant knew that the representation was false when made or the defendant made the
representation without knowledge of its truth, (3) the defendant intended the plaintiff to act
upon the misrepresentation, (4) the plaintiff relied upon the misrepresentation, and (5) the
misrepresentation caused the plaintiff’s injury. See Sears, Roebuck & Co. v. Meadows, 877
S.W.2d 281, 282 (Tex. 1994). Because Dundas made a no-evidence challenge on each of
these elements, Hanson was required to show some evidence of each. See Tex. R. Civ. P.
166a(i). 
           Hanson argues that the evidence showed that Dundas represented that Hanson would
“make a pile of money” and be successful and that Dundas would provide support services. 
As we noted previously, the statements in Dundas’s solicitation letter were merely puffing
and were not actionable misrepresentations. Therefore, Hanson did not produce any
evidence that Dundas made any material misrepresentation, as required by rule 166a(i). 
Furthermore, Hanson did not complain about the lack of support services in his petition and,
in his affidavit, did not identify any specific support services promised but not delivered. 
Moreover, any complaint regarding Dundas’s failure to perform as promised in the purchase
agreement should be brought as a claim for breach of contract, not a fraud or DTPA claim. 
See Southwestern Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991) (stating that,
when defendant’s conduct gives rise to liability only because of breach of agreement, the
claim sounds in contract). 
           We overrule Hanson’s fifth issue. 
CONCLUSION
           Because we have overruled Hanson’s fourth and fifth issues challenging the no-evidence summary judgment, we need not reach his first and second issues challenging the
rule 166a(c) summary judgment. We also need not reach Hanson’s third issue contending
that appellant is not bound by the terms of an agreement, which he argues was procured by
fraud, because we have determined that there is no evidence of fraud.
           We affirm the trial court’s judgment. 
 
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Radack. 

Do not publish. Tex. R. App. P. 47.