NO. 07-09-0236-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



SEPTEMBER
17, 2010

 



 

KAREN RUTLEDGE,

  

                                                                                         Appellant

v.

 

CLINT ISLEY, Individually, CALVIN MICHELSON, Individually

 and CBRC PROPERTIES, LLC

  

                                                                                         Appellees

___________________________

 

FROM THE 207TH DISTRICT COURT OF COMAL
COUNTY;

 

NO. C2003-1175B; HONORABLE CHARLES R.
RAMSAY, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Karen
Rutledge (Rutledge) questions the trial court’s directed verdict and appeals
from a judgment entered against her.  She
had sued Clint Isley, Calvin Michelson, and CBRC Properties (collectively
referred to as “CBRC”) for damages allegedly arising from construction defects
in a condomimium she bought from them. 
CBRC also appeals the trial court’s refusal to award them attorney’s
fees since they believed themselves to be prevailing parties.  We reverse the judgment and remand the
cause.  

            Background 

            Rutledge
purchased a condominium from CBRC Properties in July 2002.  Several months after doing so, she complained
of alleged defects in the construction of the property.  The defects included the continual leaking of
water into the abode from under walls and through window frames.  CBRC attempted to address the complaints, and
its efforts to repair the defects were unsuccessful in part.  Water or moisture still penetrated through
outside walls and a window.  This resulted
in “growths” appearing at one or more of the sites experiencing the
leakage.  Pictures admitted into evidence
also showed the presence of large “coffee” colored stains running atop baseboards
and up walls in the guest bedroom area. 
According to Rutledge, 

[i]n the window in the -- in the
guest bedroom/office, it is totally stained all the way, top, bottom, sides,
windowsill, carpet, everything.  The
blinds are covered.  It looks like
somebody threw a tub of coffee grounds at it. 
It has a smell.  When you go into
that room, it’s quite poignant.  

 

            Rutledge
also encountered electrical defects, or at least she so testified.  These included light switches failing to
activate lights until some time (in several instances, hours) after being engaged.  Once, the lights came on at night after she
had fallen asleep.  When they did, she
awoke suddenly, was startled, and screamed. 


            All the
defects, and conditions they created, went unremedied despite requests to have
them cured.  They also led Rutledge to
abandon the condominium, secure alternate living quarters, and incur expense
related to obtaining those alternate quarters. 


            Despite
evidence of the foregoing being proffered to the jury, CBRC moved for a
directed verdict.  They contended that
Rutledge had failed to present evidence of damages.  This was allegedly so because she tendered no
expert testimony about the costs of repairing the defects or the difference in
value between the condominium as represented by CBRC and as it actually was.  Such evidence purportedly was elemental to
her causes of action.  The trial court
agreed and found “that there’s not a proper measure of damages.”  Thus, it granted an instructed verdict in
favor of CBRC and discharged the jury. 
It also refused to grant CBRC’s request for attorney’s fees as a
prevailing party per the sales agreement.

            Directed Verdict

            We initially
address whether the trial court erred in directing a verdict because there was
no “proper measure of damages.”  In doing
so, we note that the applicable standard of review is akin to that used in
assessing the legal sufficiency of the evidence.  City of
Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005).  It requires us to examine the evidence in a
light most favorable to the party suffering the adverse judgment and decide
whether there is any evidence of probative value to raise an issue of material
fact.  Exxon Corp. v. Emerald Oil & Gas Co., L.C., No. 05-1076, 2009 Tex.
App. Lexis 113 at *23 (Tex. March
27, 2009).  That is, we credit favorable
evidence if reasonable jurors could do so and disregard contrary evidence
unless reasonable jurors could not.  City of Keller v. Wilson, 168 S.W.3d at 827.

            The record
before us discloses that Rutledge alleged various causes of action via her live
pleadings.  One implicated the Deceptive Trade
Practices Act and its provisions relating to deceit and breached warranty.  A claimant who successfully pursues such
claims normally is entitled to recover economic damages.   Tex. Bus. & Comm. Code Ann.
§17.50(b)(1) (Vernon Supp. 2009).  Within the latter measure
are compensatory damages for pecuniary loss, including costs of repair and
replacement.  Id. §17.45(11).  Within the category of pecuniary loss falls
the measure of damages known as loss of use. 
Under it, one may recoup expenses related to acquiring alternate means
to do that denied him by the deceptive trade practice.  For instance, the reasonable expense of
renting an automobile has been held to fall within the category.  Allied
Towing Service v. Mitchell, 833 S.W.2d 577, 585 (Tex. App.–Dallas 1992, no writ)
(stating that the reasonable rental value of a substitute vehicle is sufficient
evidence of actual damages), accord Milt Ferguson Motor Co. v. Zeretzke, 827
S.W.2d 349, 358 (Tex. App.–San Antonio 1991, no writ) (stating the same).  So too can it include the expense of having
to pay a mortgage on a second house acquired because the first was not
completed as promised.  Norwest Mortg., Inc. v. Salinas, 999
S.W.2d 846, 864 (Tex. App.–Corpus Christi 1999, pet. denied). 


            Here, Rutledge testified that she lost the use of her home from
November 2006 through the date of trial due to the defects and the conditions
resulting therefrom, or at least a reasonable jury could have so interpreted
her testimony.  She further stated that
during the period she had to pay rent on an apartment for one year at $995 per
month, that then she had to make payments on a house at the rate of $1,545 per
month through trial, and that while those payments were being made she had to continue
paying the $878 monthly mortage payment on her condominium.  Like the defendant in Allied, CBRC said nothing about Rutledge being unqualified to
testify about the reasonableness of those expenses.  Nor did it object on the basis that they were
not indicative of the reasonable value of acquiring alternative living quarters
while the construction defects remained existent.  Additionally, we see little difference between
Rutledge having to acquire alternative living quarters and Mitchell (in Allied) having to acquire a rental car,
or Salinas (in Norwest) having to buy
another home due to a purported deceptive trade practice.  So, like the panels in those cases, we too
hold that the evidence proffered by Rutledge and illustrating what she paid to
live elsewhere  was some evidence of loss
of use and, therefore, of some actual damages. 
Given this, the trial court harmfully erred in granting the directed
verdict on the basis it did.  

            Finally,
because the appellate issue raised by CBRC (that is, whether it was a
prevailing party entitled to attorney’s fees) was and is dependent upon our
affirming the directed verdict, we need not consider it.  Accordingly, the final judgment of the trial
court is reversed and the cause is remanded.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice